UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM KNAPP,  :  |  |
|     Plaintiff,  : |  |
| : |  |
| v.  : | 3:14-cv-01817-WWE |
| : |  |
| LABHAUS LLC and  : |  |
| PHILALAB, LLC,  : |  |
|     Defendants.  : |  |

### MEMORANDUM OF DECISION ON LABHAUS LLC'S MOTION TO COMPEL

Defendant Labhaus LLC has moved to compel plaintiff's response to its discovery requests, arguing that plaintiff's long lists of general objections accompanying his answers and production do not comply with the Federal Rules.  See Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."); Fed. R. Civ. P. 34(b)(2)(B) ("For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons."); Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest.").  The Court agrees that plaintiff's tactics are impermissible.

> The party resisting discovery bears the burden of demonstrating that its objections should be sustained, and pat, generic, non-specific objections, intoning the same boilerplate language, are inconsistent with both the letter and the spirit of the Federal Rules of Civil Procedure.  An objection to a document request must clearly set forth the specifics of the objection and how that objection relates to the documents being demanded.

In re Priceline.com Inc. Securities Litigation, 233 F.R.D. 83, 85 (D. Conn. 2005).

Instead of clearly setting forth the specifics of his objections, plaintiff prefaced his

interrogatory responses with the following language:

> The Plaintiff's General Objections form a part of the response to each and every Interrogatory. Thus, each interrogatory is answered subject to the General Objections, and the absence of a reference to a General Objection should not be construed as a waiver of any General Objection to a specific Interrogatory. The Plaintiff also reserves the right to object to further inquiry with respect to the subject matter of the Interrogatories.

This statement is followed by a list of general objections relating to privilege, work-product, relevancy, materiality, cumulativeness, duplicativeness, burdensomness, overbreadth, vagueness, oppressiveness, and non-discoverable expert information, among others. Plaintiff's production response contains similar general objections. Such general objections are improper; their use amounts to a declaration that the objecting party plans to play by its own discovery rules. A responding party cannot prevent the serving party from identifying where (or whether) actual objections exist and what documents or knowledge is being withheld.

> The objecting party must do more than simply intone the familiar litany that the interrogatories are burdensome, oppressive or overly broad. Instead, the objecting party must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each request is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.

Priceline, 233 F.R.D. at 86 (internal citation omitted).

Plaintiff shall respond properly to Labhaus's discovery requests by December 24, 2015. Labhaus is instructed to submit documentation of reasonable expenses, including attorneys' fees, incurred because plaintiff's failure to respond in accordance with the Federal Rules. Appropriate costs and fees will be determined at the close of litigation, absent settlement.

Dated this 10th day of December, 2015, at Bridgeport, Connecticut.

       /s/Warren W. Eginton
       WARREN W. EGINTON
       SENIOR UNITED STATES DISTRICT JUDGE