UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM KNAPP, | : | |
|    Plaintiff, | : | |
| | : | |
| v. | : | 3:14-cv-01817-WWE |
| | : | |
| LABHAUS LLC, PHILALAB LLC, | : | |
|    Defendants. | : | |

**MEMORANDUM OF DECISION ON DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

In this action, plaintiff William Knapp alleges that defendants Labhaus LLC and PhilaLAB LLC defectively designed and constructed Knapp's residence in Greenwich, Connecticut. Plaintiff's claims against Labhaus include: breach of contract; unjust enrichment; fraud; violation of Conn. Gen. Stat. § 20-417a, *et seq*. (New Home Construction Act); violation of Conn. Gen. Stat. § 52-564 (statutory theft); conversion; breach of the duty of good faith and fair dealing; breach of implied warranty; negligence; intentional misrepresentation; negligent misrepresentation; and violation of Conn. Gen. Stat. § 42-110a, *et seq*. (CUTPA). Labhaus has moved for summary judgment on all of the claims against it. For the following reasons, Labhaus's motion will be denied.

Labhaus argues without support that expert testimony from an architect is a required element for all of plaintiff's claims against Labhaus under Connecticut law. Labhaus cites to Joseph Ahearn v. Fuss and O'Neill, Inc. et al., 78 Conn. App. 202 (2003) in support of its assertion that expert opinion is required to prevail on a professional malpractice claim, but plaintiff's complaint does not include claims of professional malpractice. While expert testimony may be required to support a claim of negligence where determination of the standard of care requires knowledge that is beyond the experience of a normal fact finder, see Brye v.

State, 147 Conn. App. 173, 182 (2013), here, plaintiff has secured two experts in the field of construction management and a professional engineer licensed in Connecticut. Labhaus has not demonstrated that plaintiff's experts are insufficient to support plaintiff's claims of negligence. Moreover, Labhaus has not established that the balance of plaintiff's other claims against it depend upon expert testimony. Accordingly, Labhaus's motion for summary judgment [ECF No. 98] is DENIED.

Dated this 22nd day of August, 2017, at Bridgeport, Connecticut.

    /s/Warren W. Eginton
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE